**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Noa Salazar,<br><br>                     Petitioner,<br><br>v.<br><br>Charles L. Ryan, *et al.*,<br><br>                  Respondents. | No. CV-13-01542-TUC-BGM<br><br>**ORDER** |

Currently pending before the Court is Petitioner Noa Salazar's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). Respondents have filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 15) and Petitioner replied (Doc. 16). The Petition is ripe for adjudication.

Also pending before the Court is Petitioner's Motion to Vacate Conviction (Doc. 19) and Petitioner's Request for Copy of Docket and Status of Case (Doc. 22).

. . .

. . .

. . .

1

2

3

## I.   FACTUAL AND PROCEDURAL BACKGROUND

4

The Arizona Court of Appeal stated the facts[1] as follows:

5

6

> [W]itnesses observed Salazar as he parked his vehicle on the wrong side of the road in a manner that impeded traffic, got out holding and drinking an alcoholic beverage, and urinated in the bushes of a nearby residence.  Additional evidence established that, on the same day, Salazar had an estimated AC of .271 within two hours of driving, his license previously had been suspended and revoked, and he had been convicted of three felony offenses committed within the preceding five years.

7

8

9

10

Answer (Doc. 15), Ariz. Ct. of Appeals, Memorandum Decision 10/12/2010 (Exh. "J") at

11

2.

12

13

On August 28, 2008, a jury found Petitioner guilty of Aggravated Driving Under

14

the Influence While License is Suspended, Revoked or in Violation of a Restriction as

15

16

alleged in Count One of the Indictment and guilty of Aggravated Driving With an

17

Alcohol Concentration of 0.08 or More While License is Suspended or Revoked as

18

alleged in Count Two of the Indictment.  Answer (Doc. 15), Ariz. Superior Ct., Pima

19

County, Case No. CR-20080843, Verdict Forms (Exh. "G") at 1–2.  On March 25, 2010,

20

21

Petitioner was sentenced to two aggravated terms of twelve (12) years imprisonment with

22

consecutive community supervision in accordance with A.R.S. § 13-603(I), to be served

23

concurrently.  Answer (Doc. 15), Ariz. Superior Ct., Pima County, Priors Trial/Sentence

24

of Imprisonment Minute Entry 3/25/2010 (Exh. "H") at 2–3.

25

26

[1] As these state court findings are entitled to a presumption of correctness and Petitioner has failed to show by clear and convincing evidence that the findings are erroneous, the Court hereby adopts these factual findings.  28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007); *Wainwright v. Witt*, 469 U.S. 412, 426, 105 S.Ct. 844, 853, 83 L.Ed.2d 841 (1985); *Cf. Rose v. Lundy*, 455 U.S. 509, 519, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A.    *Direct Appeal*

On July 12, 2010, counsel for Petitioner filed an *Anders*[2] brief with the Arizona Court of Appeals.[3]  Answer (Doc. 15), Appellant's Opening Br. 7/12/2010 (Exh. "I"). On October 12, 2010, the Arizona Court of Appeals affirmed Petitioner's conviction. Answer (Doc. 15), Ariz. Ct. App. Memorandum Decision 10/12/2010 (Exh. "J").  The court of appeals concluded that "substantial evidence supported findings of all the elements necessary for Salazar's convictions."  *Id.*, Exh. "J" at 2 (citing A.R.S. §§ 28-1381(A)(1),(2); 28-1383(A)(1)).  The court further held that "Salazar's sentences were within the range authorized and were imposed in a lawful manner."  *Id.*, Exh. "J" at 2 (citing A.R.S. §§ 13-105(22)(c); 13-703(C),(J)).  The appellate court certified that its "examination of the record pursuant to *Anders*, . . . found no reversible error and no arguable issue warranting further appellate review."  *Id.*, Exh. "J" at 3.

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

[3] The Arizona Court of Appeals has described the procedure of filing an *Anders* brief as follows:

> Under our procedure, when appointed counsel determines that a defendant's case discloses no arguable issues for appeal, counsel files an *Anders* brief. The brief contains a detailed factual and procedural history of the case, with citations to the record. *See Scott,* 187 Ariz. at 478 n. 4, 930 P.2d at 555 n. 4. Counsel submits the brief to the court and the defendant. The defendant is then given the opportunity to file a brief *pro per.* After receiving all briefing, the court reviews the entire record for reversible error. If any arguable issue presents itself, the court directs appointed counsel to brief the issue. Only after the court has ascertained that counsel has conscientiously performed his or her duty to review the record, and has itself reviewed the record for reversible error and found none, will the court allow counsel to withdraw. *See State v. Shattuck,* 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). We conclude that this procedure permits counsel to perform ethically, while simultaneously ensuring that an indigent defendant's constitutional rights to due process, equal protection, and effective assistance of counsel are protected.

*State v. Clark*, 196 Ariz. 530, 537, 2 P.3d 89, 96 (Ct. App. 1999).

### B.    Post-Conviction Relief Proceeding

On August 9, 2010, Petitioner filed his Notice of Post-Conviction Relief ("PCR"). Answer (Doc. 15), Not. of PCR 8/9/2010 (Exh. "K").  On December 7, 2010, counsel for Petitioner filed a Petition for Post Conviction Relief.  *See* Answer (Doc. 15), Pet. for PCR 12/7/2010 (Exh. "L").  Petitioner asserted ineffective assistance of trial counsel, alleging that counsel 1) failed to inform him of the trial date; and 2) failed to adequately investigate and present mitigating evidence at sentencing.  *See* Answer (Doc. 15), Exh. "L" at 7, 10–14, 16–19.  Petitioner further asserted that his Sixth Amendment right to be present at trial was violated.  *Id.*, Exh. "L" at 7, 14–16.  Finally, Petitioner asserted that the trial court committed sentencing error based on its imposition of both aggravated and consecutive sentences.  *Id.*, Exh. "L" at 7, 20–24.

On June 18, 2012, the Rule 32 court denied Petitioner's petition.  *See* Answer (Doc. 15), Ariz. Superior Ct., Pima County, Under Advisement Ruling 6/18/2012 (Exh. "M").  Prior to denial of the petition, the Rule 32 Court held an evidentiary hearing.  *See* Answer (Doc. 15), Exh. "M" at 3; Rule 32 Evid. Hr'g Tr. Excerpts 3/2/2012 (Exh. "B"); Rule 32 Evid. Hr'g Tr. – Afternoon Session Excerpts 3/2/2012 (Exh. "C").  The Rule 32 court declined to impose on an attorney "a duty to search for [a] client or cause an investigation as to the defendant's whereabouts . . . where [no such duty] is stated in the [Ethical] Rule or Comment."  Answer (Doc. 15), Exh. "M" at 4.  The court went on to note that even if there were such a duty, that duty would be extinguished or waived by a client who fails to comply with release conditions including contacting his attorney and providing contact information; a client's failure to appear at hearings of which he had

notice; a client's whereabouts are unknown; or the court issues a warrant for defendant's arrest before the trial. *Id.*, Exh. "M" at 5. The court found that "[t]he client was prejudiced by his own actions but not by the action or inaction of his attorney." *Id.*, Exh. "M" at 5. As such, the Rule 32 court held that trial counsel was not ineffective.

The Rule 32 court also recognized Petitioner's federal and state constitutional right to be present at trial. *Id.*, Exh. "M" at 6. It found, however, that "[a] defendant may waive his right to be present at any proceeding by voluntarily absenting himself or herself from it." *Id.*, Exh. "M" at 6. The court further found that the Petitioner received court orders and acknowledged that his failure to appear could result in the court case and trial proceeding in his absence. Answer (Doc. 15), Exh. "M" at 6. In light of Petitioner's failure to contact his attorney, provide his contact information to his attorney, or attend the Case Management Conference, the court found that Petitioner's "conduct was a clear, if not express, intentional, voluntary and knowing waiver and rejection of his right to be present at trial." *Id.*, Exh. "M" at 8.

The Rule 32 court also denied Petitioner's ineffective assistance of counsel claim for an alleged failure to present additional mitigating evidence at trial. *Id.*, Exh. "M" at 9. The Rule 32 court determined that this assertion of ineffectiveness arose "from an erroneous understanding of A.R.S. 13-603 L." *Id.*, Exh. "M" at 9. As such, the Rule 32 found that "(a) counsel's representation was not below an objective standard of reasonableness; and (b) that the Petitioner suffered no prejudice because the mitigating evidence, though important, does not outweigh the aggravating factors found by the court at sentencing." *Id.*, Exh. "M" at 9.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Regarding any alleged sentencing error, the Rule 32 court noted that the "issue is arguably precluded as a matter that should have been raised on appeal."  Answer (Doc. 15), Exh. "M" at 10 (citing Ariz. R. Crim. P. 32.2(a)(1)).  The court considered the merits and held that "[t]he requirement that the sentence in this case run consecutive to the Maricopa case was a conscious exercise of this court's discretion . . . [not] from a default designation of consecutive sentences pursuant [to] Rule 26.13."  *Id.*, Exh. "M" at 10.

On September 5, 2012, Petitioner filed a Petition for Review to the Arizona Court of Appeals.  Answer (Doc. 15), Pet. for Review to the Ariz. Ct. of Appeals 9/5/2012 (Exh. "N").  Petitioner alleged that "trial counsel failed to advise Petitioner of his trial date, and did not conduct an adequate investigation into Petitioner's whereabouts before trial in order to assure his presence at trial" in violation of *Strickland*,[4] Arizona ethical rules, and the Due Process Clause.  Answer (Doc. 15), Exh. "N" at 15–16.  On January 9, 2013, the Arizona Court of Appeals granted review, but denied relief.  *See* Answer (Doc. 15), Ariz. Ct. of Appeals, Mem. Decision 1/9/2013 (Exh. "O").  The court of appeals relied on Arizona law and gave the Rule 32 court's factual findings deference.  *Id.*, Exh. "O" at 3.  The appellate court recognized "an out-of-custody defendant's duty to maintain contact with his or her attorney and to appear in court."  *Id.*, Exh. "O" at 3 (citing *State v. Muniz-Caudillo*, 185 Ariz. 261, 262, 914 P.2d 1353, 1354 (Ct. App. 1996)).  Accordingly, the court of appeals concluded that there was no error in the Rule 32 court's findings "that counsel's performance was not deficient and that Salazar's right to be present at trial was not violated."  *Id.*, Exh. "O" at 3.  On July 23, 2013, the Arizona

---

[4] *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Supreme Court denied review.   Answer (Doc. 15), Ariz. Supreme Ct. Minute Entry 7/23/2013 (Exh. "P") at 1.

### D.   The Instant Habeas Proceeding

On October 28, 2013, Petitioner filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1). Petitioner claims two (2) grounds for relief.   First, Petitioner argues that trial "counsel was prejudicially ineffective, violating the Constitutional Guarantee of reasonable competence and undivided loyalty by abandoning his client's cause and join[ing] the Prosecution by advising, directing and representing to the Court to proceed with trial in his client's absence when the Court offered counsel 4 hours to contact and produce his client before trial commenced."   Petition (Doc. 1) at 6.   Second, Petitioner alleges that his "Due Process Rights were violated when he was unreasonably denied the right to be present for jury trial because of his lawyer's intentional conduct to prejudice him by refusing to even attempt to contact Salazar with notice that trial was commencing."   *Id.* at 7.   On February 5, 2014, Respondents filed their Answer (Doc. 15).   On February 13, 2014, Petitioner replied (Doc. 16).

## II.   STANDARD OF REVIEW

### A.  In General

The federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United*

- 7 -

*States*."  28 U.S.C. § 2254(a) (emphasis added).  Moreover, a petition for habeas corpus by a person in state custody:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 181, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011).  Correcting errors of state law is not the province of federal habeas corpus relief.  *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991).  Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'"  *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S.Ct. 2842, 2854, 168 L.Ed.2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)).  Furthermore, this standard is difficult to meet and highly deferential "for evaluating state-court rulings, [and] which demands that state-court decisions be given the benefit of the doubt."  *Pinholster*, 563 U.S. at 181, 131 S.Ct. at 1398 (citations and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, mandates the standards for federal habeas review.  *See* 28 U.S.C. § 2254.  The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court."  *Burt v. Titlow*, — U.S. —, 134 S.Ct. 10, 16, 187 L.Ed.2d 348 (2013).  Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this

presumption with 'clear and convincing evidence.'"  *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)). Moreover, on habeas review, the federal courts must consider whether the state court's determination was unreasonable, not merely incorrect.  *Id.*, 550 U.S. at 473, 127 S.Ct. at 1939; *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013).  Such a determination is unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts before it, arrives at a different result.  *See Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004). "AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'"  *Burt*, 134 S.Ct. at 10 (quoting *Harrington*, 562 U.S. at 103, 131 S.Ct. at 786–87) (alterations in original).

### B.  Exhaustion of State Remedies

Prior to application for a writ of habeas corpus, a person in state custody must exhaust all of the remedies available in the State courts. 28 U.S.C. § 2254(b)(1)(A).  This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).  As such, the exhaustion doctrine gives the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct.

- 9 -

1347, 1349, 158 L.Ed. 2d 64 (2004) (internal quotations omitted).  Moreover, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose*, 455 U.S. at 518, 102 S.Ct. at 1203 (internal citations omitted).  This upholds the doctrine of comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950)).

Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as the applicant "has the right under the law of the State to raise, by any available procedure the question presented."  28 U.S.C. § 2254(c).  "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).  The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because

petitioner presented claim in state court only on state grounds).  Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29, 124 S.Ct. at 1349.  "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state."  *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (9th ed. 1998)).

In Arizona, however, for non-capital cases "review need not be sought before the Arizona Supreme Court in order to exhaust state remedies."  *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998).  Additionally, the Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same issues already decided upon direct review.  *Castille v. Peoples*, 489 U.S. 346, 350, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

### C.  Procedural Default

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him."  *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 650 (1991).  Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent

of the federal question and adequate to support the judgment." *Id.*, 501 U.S. at 728, 111 S.Ct. at 2254. This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted). Such claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The Ninth Circuit Court of Appeals explained the difference between exhaustion and procedural default as follows:

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted). Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

*Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005). Thus, a prisoner's habeas petition may be precluded from federal review due to procedural default in two ways. First, where the petitioner presented his claims to the state court, which denied relief based on independent and adequate state grounds. *Coleman*, 501 U.S. at 728, 111 S.Ct. at 2254. Federal courts are prohibited from review in such cases because they have "no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the

judgment and would therefore be advisory." *Id.* Second, where a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1, 111 S.Ct. at 2557 n.1 (citations omitted). Thus, the federal court "must consider whether the claim could be pursued by any *presently available* state remedy." *Cassett*, 406 F.3d at 621 n.6 (quoting *Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998)) (emphasis in original).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 534, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial."). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims."). In addition to cause, a habeas petitioner

must show actual prejudice, meaning that he "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S.Ct. at 2648 (emphasis in original) (internal quotations omitted). Without a showing of both cause and prejudice, a habeas petitioner cannot overcome the procedural default and gain review by the federal courts. *Id.*, 106 S.Ct. at 2649.

The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982)). "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrara v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986)). Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrara*, 506 U.S. at 404, 113 S.Ct. at 862. Further, in order to demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

In Arizona, a petitioner's claim may be procedurally defaulted where he has waived his right to present his claim to the state court "at trial, on appeal or in any previous collateral proceeding."  Ariz. R. Crim. P. 32.2(a)(3).  "If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim."  *Id.*, 2002 cmt.  Neither Rule 32.2. nor the Arizona Supreme Court has defined claims of "sufficient constitutional magnitude" requiring personal knowledge before waiver.  *See id.*; *see also Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002).  The Ninth Circuit Court of Appeals recognized that this assessment "often involves a fact-intensive inquiry" and the "Arizona state courts are better suited to make these determinations."  *Cassett*, 406 F.3d at 622.

## III.   STATUTE OF LIMITATIONS

As a threshold matter, the Court must consider whether Petitioner's petition is barred by the statute of limitation.  *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002).  The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody.  28 U.S.C. § 2244(d)(1).  Section 2244(d)(1) provides that the limitations period shall run from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

1
2
3

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4
5

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

6
7
8
9
10
11
12
13
14

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005).  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."   28 U.S.C. § 2244(d)(2). Respondents do not dispute the timeliness of Erickson's petition.  *See* Answer (Doc. 15). The Court has independently reviewed the record and finds that the Petition (Doc. 1) is timely pursuant to 28 U.S.C. § 2244(d)(1)(A).

15
16
17

## IV.   ANALYSIS

18

### A.   *Ground One:  Ineffective Assistance of Counsel*

19
20
21
22
23
24
25
26
27
28

In his Petition (Doc. 1), Petitioner asserts a single claim for ineffective assistance of counsel for "abandoning his client's cause and joining the Prosecution by advising, directing and representing to the Court to proceed with trial in his client's absence."  *See* Petition (Doc. 1).  Petitioner's Petition and its accompanying "Memorandum of Law" can be read broadly to include additional grounds for ineffective assistance of counsel, including: (1) counsel's alleged failure to use a four (4) hour continuance to attempt to contact Petitioner prior to trial; (2) counsel's alleged failure to contact Petitioner regarding the trial date; and (3) counsel allegedly "waiving" defendant's appearance at

trial.  Petition (Doc. 1) at 6, 13–16, 19–21.  The Court will address each of these in turn.

### 1.  Legal Standards

For cases which have been fairly presented to the State court, the Supreme Court elucidated a two part test for determining whether a defendant could prevail on a claim of ineffective assistance of counsel sufficient to overturn his conviction.  *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  First, Petitioner must show that counsel's performance was deficient.  *Id.* at 687, 104 S.Ct. at 2064.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  Second, Petitioner must show that this performance prejudiced his defense.  *Id.*  Prejudice "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable."  *Id.*  Ultimately, whether or not counsel's performance was effective hinges on its reasonableness under prevailing professional norms.  *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065; *see also State v. Carver*, 160 Ariz. 167, 771 P.2d 1382 (1989) (adopting *Strickland* two-part test for ineffective assistance of counsel claims).  The Sixth Amendment's guarantee of effective assistance is not meant to "improve the quality of legal representation," rather it is to ensure the fairness of trial.  *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065.  "Thus, '[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'"  *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011) (quoting *Strickland*, 466 at 686) (emphasis and alteration in original).

"The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so[.]" *Harrington v. Richter*, 562 U.S. 86, 105, 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (2011) (citations omitted). Judging counsel's performance must be made without the influence of hindsight. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. As such, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). Without the requisite showing of either "deficient performance" or "sufficient prejudice," Petitioner cannot prevail on his ineffectiveness claim. *Strickland*, 466 U.S. at 700, 104 S.Ct. at 2071. "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Gentry v. Sinclair*, 705 F.3d 884, 899 (9th Cir. 2013) (quoting *Harrington*, 562 U.S. at 105, 131 S.Ct. at 788) (alterations in original). "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington*, 562 U.S. at 104, 131 S.Ct. at 787 (quoting *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2052). Accordingly, "[w]e apply the doubly deferential standard to review the state court's 'last reasoned decision.'" *Vega v. Ryan*, 757 F.3d 960, 966 (9th Cir. 2014) (citations omitted). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in 2254(d)(1) and (d)(2)." *Harrington*, 131 U.S. at 98, 131 S.Ct. at 784. As such, Petitioner also bears the burden of showing that the state court applied *Strickland* to the facts of his

case in an objectively unreasonable manner.  *See Bell v. Cone*, 535 U.S. 685, 698–99, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002); *see also*  28 U.S.C. § 2254(d).

Additionally, "[a]s a general matter, each 'unrelated alleged instance [ ] of counsel's ineffectiveness' is a separate claim for purposes of exhaustion."  *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)) (alterations in original).  This means "all operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies."  *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007). This is "[b]ecause ineffective assistance claims are not fungible, but are instead highly fact-dependent, [requiring] some baseline explication of the facts relating to it[.]" *Id.*  As such, "a petitioner who presented any ineffective assistance of counsel claim below can[not] later add unrelated instances of counsel's ineffectiveness to that claim."  *Id.* (citations and internal quotations omitted); *see also Date v. Schriro*, 619 F.Supp.2d 736, 788 (D. Ariz. 2008) ("Petitioner's assertion of a claim of ineffective assistance of counsel based on one set of facts, does not exhaust other claims of ineffective assistance based on different facts").

## 2.  Allowing Trial to Proceed with Defendant *in absentia*

Petitioner claims that his trial counsel was "prejudicially ineffective violating the Constitutional Guarantee of reasonable competence and undivided loyalty by abandoning his client's cause and join[ing] the Prosecution by advising, directing, and representing to the Court to proceed with trial in his client's absence[,] when the Court offered [sic] counsel 4 hours to contact and produce his client before trial commenced."  Petition

1   (Doc. 1) at 6.   Respondents assert that Petitioner's "Claim 1 is fundamentally different

2   than Salazar's ineffective assistance of counsel ("IAC") claim in state court."   Answer

3   (Doc. 15) at 6.   Respondents therefore argue that Claim 1 is procedurally defaulted.   *Id.* at

4   7.   The Court agrees with Respondents.

5   Petitioner raised ineffective assistance of trial counsel in his PCR petition.   *See*

6   Answer (Doc. 15), Pet.'s Pet. for PCR 12/7/2010 (Exh. "L").   Petitioner alleged that

7   counsel 1) failed to inform him of the trial date; and 2) failed to adequately investigate

8   and present mitigating evidence at sentencing.   *See* Answer (Doc. 15), Exh. "L" at 7, 10–

9   14, 16–19.   Petitioner re-urged trial counsel's alleged failure to inform him of the trial

10   date to the Arizona Court of Appeals.   *See* Answer (Doc. 15), Pet. for Review to the Ariz.

11   Ct. of Appeals 9/5/2012 (Exh. "N") at 15–16.   Petitioner did not raise Ground One,

12   however, in either his direct appeal or PCR petitions.   *See* Answer (Doc. 15), Appellant's

13   Opening Br. 7/12/2010 (Exh. "I"); Answer (Doc. 15), Exh. "L".   Petitioner urges that he

14   presented the same "essential" claim to the state court.   Reply (Doc. 16) at 9.   Petitioner's

15   Ground One allegation of counsel refusing to delay trial, is factually different from

16   Petitioner's claim alleging counsel failed to inform him of the trial date.   *See Hemmerle*

17   *v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007).

18   As such, the Court finds that Petitioner's Ground One is unexhausted and would

19   now be precluded.   Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v.*

20   *Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly

21   present" one's claims, the prisoner must do so "in each appropriate state court").

22   Accordingly, Petitioner's claim is procedurally defaulted.   *Coleman v. Thompson*, 501

U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").   Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice).

Petitioner has not met his burden to show either cause or actual prejudice.  *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims.").   The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (quoting *Engle v. Isaac* 456 U.S. 107, 135, 102 S.Ct. 1558, 1572-73, 71 L.Ed.2d 783 (1982)). "The fundamental miscarriage of justice exception is available 'only where the prisoner

*supplements* his constitutional claim with a colorable showing of factual innocence.'"
*Herrara v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993)
(emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616,
2627, 91 L.Ed.2d 364 (1986)).   Thus, "'actual innocence' is not itself a constitutional
claim, but instead a gateway through which a habeas petitioner must pass to have his
otherwise barred constitutional claim considered on the merits."   *Herrara*, 506 U.S. at
404, 113 S.Ct. at 862.   Further, in order to demonstrate a fundamental miscarriage of
justice, a habeas petitioner must "establish by clear and convincing evidence that but for
the constitutional error, no reasonable factfinder would have found [him] guilty of the
underlying offense."   28 U.S.C. § 2254(e)(2)(B).

Petitioner asserts that he "would have testified on his own behalf at trial[.]"
Petition (Doc. 1) at 17.  Petitioner further contends that his testimony would:

> [E]stablish[] the fact that he actually drove safely; pulling the
> vehicle over, parking it and exiting the vehicle, leaving it behind, no longer
> under his actual or constructive control.
>
> The facts are in the record and are undisputed.   However, Salazar's
> testimony would have established evidence that Salazar disconnected
> himself from the possibility of physical DUI when he realized that he was
> impaired and should not drive.   This would have established reasonable
> doubt as to criminal intent.
>
> Moreover the record also demonstrates over an hour of time lapsed
> between when Salazar was observed leaving his vehicle and detained by
> police.
>
> If Salazar's testimony included the consumption of any alcohol
> subsequent to physically leaving his vehicle behind, this evidence would
> also have established reasonable doubt as a matter of law.

Petition (Doc. 1) at 17–18.  The evidence adduced at trial included eyewitness testimony

regarding Petitioner's behavior as he parked and exited his vehicle.  *See* Answer (Doc. 15), Ariz. Superior Ct., Case No. CR-20080843, Jury Trial Day Two Tr. 8/27/2008 (Exh. "A") at 8:6–29:19, 32:6–24, 42:6–45:6.   Eyewitnesses testified that Petitioner was drinking an alcoholic beverage as he exited the vehicle and urinated on some bushes not far from where he parked.  *Id.*, Exh. "A" at 8:6–29:19, 32:6–24, 42:6–45:6.  The state criminologist testified that Petitioner's blood alcohol concentration ("BAC") was 0.258 grams of ethanol per 100 milliliters of blood at the time his blood was drawn, and extrapolated the concentration as 0.271 grams of ethanol per 100 milliliters of blood at two hours after Petitioner parked his vehicle.  *Id.*, Exh. "A" at 90:21–93:25.  The criminologist further testified that assuming Petitioner did not consume any alcohol prior to stopping his vehicle, he would have had to imbibe sixteen (16) drinks within one (1) hour and five (5) minutes to have a 0.258 BAC.  *Id.*, Exh. "A" at 101:7–107:9.  The jury was instructed as to the crime of aggravated driving under the influence while license or privilege to drive is suspended, revoked, or in violation of a restriction, as well as the lesser included offense of driving while under the influence.  *Id.*, Exh. "A" at 143:5–149:8.

Based on the weight of the evidence adduced at trial, Petitioner cannot "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense."   28 U.S.C. § 2254(e)(2)(B).  Therefore, Petitioner's claim for ineffective assistance of counsel based on an alleged failure to delay trial for four (4) hours cannot stand.

. . .

### 3.  Using Four (4) Hour Continuance to Attempt Contact

Petitioner claims that his trial counsel was ineffective "by refusing the Court's offer of approximately 4 hours of time to notify Salazar the trial would start that afternoon."  Petition (Doc. 1) at 13.  Respondents assert that Petitioner failed to exhaust this claim, because he did not present it to the Arizona courts.  Answer (Doc. 15) at 7.  The Court agrees that this claim is unexhausted, and now procedurally defaulted.

Petitioner did not raise this claim in either his direct appeal or PCR petitions.  *See* Answer (Doc. 15), Appellant's Opening Br. 7/12/2010 (Exh. "I"); Answer (Doc. 15), Exh. "L;" *see also* Discussion Section IV.2.A., *supra*.  As such, the claim is unexhausted and would now be precluded.  Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court").  Accordingly, Petitioner's claim is procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").  Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice).  Petitioner has not met his burden to show either

cause or actual prejudice.  *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims"); Discussion Section IV.2.A., *supra* (Petitioner cannot meet his burden regarding actual innocence to excuse procedural default).   Therefore, Petitioner's claim for ineffective assistance of counsel based on an alleged failure to use a four (4) hour continuance to attempt to contact Petitioner and inform him of the imminent start of trial cannot stand.  *See* Petition (Doc. 1) at 13–15.

## 4.  Contact Regarding the Trial Date

Petitioner claims that his trial counsel was ineffective for not informing him of the trial date.  Petition (Doc. 1) at 15–16.  Respondent asserts that Petitioner failed to exhaust this claim, because he did not present it to the Arizona courts.  Answer (Doc. 15) at 7. The Court finds this claim exhausted and will reach the merits.

Petitioner raised this issue in his PCR Petition.  Answer (Doc. 15), Pet. for PCR (Exh. "L") at 7, 10–14, 16–19.  The Rule 32 court held an evidentiary hearing.  *See* Answer (Doc. 15), Ariz. Superior Ct., Pima County, Under Advisement Ruling 6/18/2012 (Exh. "M") at 3; Rule 32 Evid. Hr'g Tr. Excerpts 3/2/2102 (Exh. "B"); Rule 32 Evid. Hr'g Tr. – Afternoon Session Excerpts 3/2/2012 (Exh. "C").   The Rule 32 court

acknowledged that "[t]o state a colorable claim of ineffective assistance of counsel, a defendant must show both that counsel's performance fell below objectively reasonable standards and that this deficiency prejudiced the defendant."  Answer (Doc. 15), Exh. "M" at 3 (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).  The Rule 32 court declined to impose on an attorney "a duty to search for [a] client or cause an investigation as to the defendant's whereabouts . . . where [no such duty] is stated in the [Ethical] Rule or Comment."  Answer (Doc. 15), Exh. "M" at 4. The court went on to note that even if there were such a duty, that duty would be extinguished or waived by a client who fails to comply with release conditions including contacting his attorney and providing contact information; a client's failure to appear at hearings of which he had notice; a client's whereabouts are unknown; or the court issues a warrant for defendant's arrest before the trial.  *Id.*, Exh. "M" at 5.  The Rule 32 court found that Petitioner "called his attorney on or about March 31, 2008 and left a message that he was going into rehab but gave no information as to the name or location of the facility and gave an incorrect phone number[,] . . . [and] further knowingly deceived his attorney by staying only one day at the rehab facility and did not call his attorney back to inform him that he had left rehab."  *Id.*, Exh. "M" at 7.  The court further found that "[t]he client was prejudiced by his own actions but not by the action or inaction of his attorney."  *Id.*, Exh. "M" at 5.  As such, the Rule 32 court held that trial counsel was not ineffective.  *See id.*, Exh. "M."

Petitioner re-urged this claim in his Petition for Review to the Arizona Court of Appeals.  Answer (Doc. 15), Exh. "N."  Petitioner alleged that trial counsel "failed to

- 26 -

advise Petitioner of his trial date, and did not conduct an adequate investigation into Petitioner's whereabouts before trial in order to assure his presence at trial." *Id.*, Exh. "N" at 15.  The Arizona Court of Appeals recognized "an out-of-custody defendant's duty to maintain contact with his or her attorney and to appear in court."  Answer (Doc. 15), Ariz. Ct. of Appeals, Mem. Decision 1/9/2013 (Exh. "O") at 3 (citing *State v. Muniz-Caudillo*, 185 Ariz. 261, 262, 914 P.2d 1353, 1354 (Ct. App. 1996)).  The appellate court held that "[i]n view of that duty and under the circumstances presented here, viewing the evidence at the hearing with deference to the trial court's findings of fact, we cannot say the court erred in concluding that counsel's performance was not deficient and that Salazar's right to be present at trial was not violated." *Id.*, Exh. "O" at 3.

Here, after an evidentiary hearing during which Petitioner and his former counsel both testified, the Rule 32 court found that Petitioner's claim lacked merit.  The court of appeals affirmed this ruling recognizing the lower court's role to resolve conflicts in the evidence.  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004)).  Moreover, "Section 2254(d) 'gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court." *Aiken v. Blodgett*, 921 F.2d 214, 217 (9th Cir. 1990) (quoting *Marshall v. Lonberger*, 459 U.S. 422, 434, 103 S.Ct. 843, 851, 74 L.Ed.2d 646 (1983)).  "Where there are two permissible views of the evidence, a fact finder's choice between them

cannot be clearly erroneous." *Cooper v. Brown*, 510 F.3d 870, 919 (9th Cir. 2007) (citing *Amadeo v. Zant*, 486 U.S. 214, 226, 108 S.Ct. 1771, 100 L.Ed.2d 249 (1988)). Petitioner has failed to present any evidence to show that the Arizona court's decision regarding his ineffective assistance claim is contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts. As such, this Court finds that the Arizona courts did not unreasonably apply clearly established Federal law or unreasonably determine the facts in light of the evidence presented, and Petitioner cannot meet his burden to show prejudice. *See Gulbrandson*, 738 F.3d at 991.

## 5.  Waiver of Defendant's Appearance at Trial

Petitioner claims that his trial counsel was ineffective because he "had no legal right to waive his client's right to appear for trial[.]"  Petition (Doc. 1) at 20. Respondents assert that Petitioner failed to exhaust this claim, because he did not present it to the Arizona courts.  Answer (Doc. 15) at 7.  The Court agrees that this claim is unexhausted, and now procedurally defaulted.

Petitioner did not raise this claim in either his direct appeal or PCR petitions.  *See* Answer (Doc. 15), Appellant's Opening Br. 7/12/2010 (Exh. "I"); Answer (Doc. 15), Exh. "L;" *see also* Discussion Section IV.2.A., *supra*.  As such, the claim is unexhausted and would now be precluded.  Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court").  Accordingly, Petitioner's claim is procedurally defaulted.  *Coleman v.*

*Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").   Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result.   *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice).   Petitioner has not met his burden to show either cause or actual prejudice.   *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims"); Discussion Section IV.2.A., *supra* (Petitioner cannot meet his burden regarding actual innocence to excuse procedural default).   Therefore, Petitioner's claim for ineffective assistance of counsel based on an alleged improper waiver of Petitioner's presence at trial cannot stand.

. . .

. . .

### B.    *Due Process Violations*

#### 1.    <u>Ground Two:   Due Process Violation Regarding Denial of Petitioner's Presence at Trial</u>

Petitioner alleges that his "Due Process Rights were violated when he was unreasonably denied the right to be present for jury trial because of his lawyer's ineffective conduct to prejudice him, by refusing to even attempt to contact Salazar with notice that trial was commencing."   Petition (Doc. 1) at 7.   Respondents assert that "Salazar has not proved that the state PCR court decision [that he waived his right to be present at trial] was contrary to, or based on an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts."   Answer (Doc. 15) at 17.

Petitioner initially asserted this claim in his PCR petition.  *See* Answer (Doc. 15), Pet. for PCR 12/7/2010 (Exh. "L") at 7, 14–16.   The Rule 32 court made the following findings of fact relevant to Petitioner's allegation of a Due Process violation:

A.    On **February 16, 2008** the Petitioner was arrested, and an Interim Complaint was filed charging him with one count of Aggravated Driving with an Alcohol Concentration of 0.08 or More while License is Suspended.   He was released on a cash bond in the amount of **$1, 100**

The Bail Bond and Release Agreement dated February 16, 2008 provides an address of 1504 North 176th Lane, Surprise, Arizona 85388.   Mail sent by the court to that address was returned because the address as written was incorrect.   The Financial Affidavit . . . filed with the court and dated March 13, 2008 shows an address of 15048 North 176th Lane, Surprise, Arizona 85388

B.    Between **February 16 and March 31, 2008** the Petitioner did not reside at the Surprise, Arizona address

C.  The Petitioner was indicted on **March 06, 2008**; and arraigned on **March 13, 2008**.  At the arraignment, at which the Petitioner was present, the following occurred:

1.  The court appointed Attorney Paul Bates to represent the Petitioner

2.  The Petitioner received **oral** notification of the following:

a.  That his failure to appear for trial could result in the trial proceeding in his absence.

b.  That he shall provide current address and current telephone number to his defense attorney within 48 hours

c.  That he shall meet with defense counsel within 35 days

d.  That his failure to contact and meet with defense counsel could result in Defendant's revocation of release.

3.  The Petitioner received **written** notification of the following:

a.  The next court date was a Case Management Conference set for April 30, 2008 at 9:00 a.m.

b.  That he must contact defense counsel within seven days

c.  Mr. Bates' telephone number

D.  The Petitioner testified that on **March 31, 2008** he checked into a Rehabilitation Center run by the Salvation Army, and spent one day at the center.  The Petitioner left a message on Paul Bates' voicemail.  The Petitioner testified he provided an address and stated that the center was run by the Salvation Army.  Mr. Bates called the number back and the number was unavailable.  The court finds the testimony of Mr. Bates to be credible.

E.  The Petitioner did not appear at the Case Management Conference on **April 30, 2008**.  A warrant was issued for his arrest on that date. Bond was forfeited on June 17, 2008

F.  Between **May 01 and June 11, 2008** the Petitioner resided at the Crossroads Rehabilitation facility.  This was not a locked facility, and the Petitioner could and did leave regularly

G.     A Pretrial Conference was held on **May 27, 2008**.  The Petitioner was not present.  Trial was set for August 26, 2008

H.     The case proceeded to trial on **August 26, 2008**.  The Petitioner was tried in abstentia, and convicted on both counts alleged in the indictment.  On **August 28, 2008**; this court amended the warrant issued on April 30, 2008 to include entry in the National Crime Information Center's database

I.     August/September [20]08, [t]he Petitioner moved from his Surprise[,] Arizona address, and resided with Katie Madden

J.     On **September 28, 2008**, Defendant was arrested on the warrant in Maricopa County, and was released on a $3,600 bond with the condition that he appear before this court on October 01, 2008.  The Petitioner did not appear.  An NCIC (No-Bond) warrant was issued by this court on October 10, 2008

K.     In October, 2008 the Petitioner contacted Paul Bates by phone and learned of his conviction.  There was no further contact until 2010

L.     The Petitioner was arrested on **September 27, 2009** in Maricopa County and released on a $5,400 bond, upon condition that he appear before this court on October 1, 2009.  The Petitioner did not appear.

M.     On **January 26, 2010**, the State – upon learning that the Petitioner was serving a sentence at the Department of Corrections – filed a Petition for a writ of Habeas Corpus to have the Petitioner brought before this court for a priors trial and sentencing

Answer (Doc. 15), Ariz. Superior Ct., Pima County, Findings of Fact 3/19/2012 (Exh. "M") at 1–3 (emphasis in original).  The Rule 32 court also recognized Petitioner's federal and state constitutional right to be present at trial.  Answer (Doc. 15), Ariz. Superior Ct., Pima County, Under Advisement Ruling 6/18/2012 (Exh. "M") at 6.  It found, however, that "[a] defendant may waive his right to be present at any proceeding by voluntarily absenting himself or herself from it."  *Id.*  The Rule 32 court further found that Petitioner received court orders and acknowledged that his failure to appear could

result in the court case and trial proceeding in his absence. *Id.* The Rule 32 court determined that "[i]mplicit within the Petitioner's conduct is a deliberate and conscious waiver of not just his right to be present at trial but of all other meaningful participation in the criminal justice process." *Id.* The Rule 32 court found that "[i]n addition to the failures to contact his attorney, provide contact information to his attorney and attend the Case Management Conference . . . the Petitioner employed several misdirections and deceptions[.]" Answer (Doc. 15), Ariz. Superior Ct., Pima County, Under Advisement Ruling 6/18/2012 (Exh. "M") at 6–7. The Rule 32 court further found Petitioner not credible and held that "[h]is conduct was a clear, if not express, intentional, voluntary and knowing waiver and rejection of his right to be present at trial." *Id.* Ariz. Superior Ct., Pima County, Under Advisement Ruling 6/18/2012 (Exh. "M") at 8.

Petitioner re-urged his claim to the Arizona Court of Appeals. *See* Answer (Doc. 15), Pet. for Review to the Ariz. Ct. of Appeals 9/5/2012 (Exh. "N"). The court of appeals relied on Arizona law and gave the Rule 32 court's factual findings deference. Answer (Doc. 15), Ariz. Ct. of Appeals, Mem. Decision 1/9/2013 (Exh. "O"). The Arizona Court of Appeals recognized "an out-of-custody defendant's duty to maintain contact with his or her attorney and to appear in court." *Id.*, Exh. "O" at 3 (citing *State v. Muniz-Caudillo*, 185 Ariz. 261, 262, 914 P.2d 1353, 1354 (Ct. App. 1996)). The appellate court held that "[i]n view of that duty and under the circumstances presented here, viewing the evidence at the hearing with deference to the trial court's findings of fact, we cannot say the court erred in concluding that counsel's performance was not

deficient and that Salazar's right to be present at trial was not violated." *Id.*, Exh. "O" at 3.

The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]"  U.S. CONST. amend. VI. "One of the most basic of the rights guaranteed by the Confrontation Clause is the accused's right to be present in the courtroom at every stage of his trial." *Illinois v. Allen*, 397 U.S. 337, 338, 90 S.Ct. 1057, 1058, 25 L.Ed.2d 353 (1970) (citing *Lewis v. United States*, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892)).  This right, however, may be waived.  *Allen*, 397 U.S. at 342–43, 90 S.Ct. at 1060 ("No doubt the privilege (of personally confronting witnesses) may be lost by consent").  As such, "[a] court is not precluded from holding a trial if the defendant voluntarily waives his presence before the trial commences." *Brewer v. Raines*, 670 F.2d 117, 119 (9th Cir. 1982).

Here, Petitioner received written notice of the Case Management conference set for April 30, 2008 at 9:00 a.m., yet chose not to appear.  Moreover, his sole attempt to contact his attorney provided counsel with an incorrect telephone number for a facility that Petitioner was only at one day.  As the Rule 32 court noted, "Petitioner does not claim that he was physically prevented from attending his trial or was otherwise unable to be present in court on the days trial was held[;] [h]e asserts that the only reason he was not in attendance is that his attorney did not inform him of the trial date."  Answer (Doc. 15), Exh. "M" at 6.  Therefore, Petitioner's failure to know his trial date "is directly attributable to his failure to keep in contact with the court and his attorney." *Brewer*, 670

F.2d at 119.  "A defendant cannot be allowed to keep himself deliberately ignorant and then complain about his lack of knowledge."  *Id.*  This Court finds that the Arizona courts did not unreasonably apply clearly established Federal law or unreasonably determine the facts in light of the evidence presented, and Petitioner cannot meet his burden to show prejudice.  *See Gulbrandson*, 738 F.3d at 991.

### 2.    Defense Counsel "Switching" Sides

Broadly construed, Petitioner's Memorandum of Law alleges a due process violation because defense counsel "participate[d] in the prosecution of [Petitioner][.]"  Petition (Doc. 1) at 22.  Respondents assert that this claim has been procedurally defaulted, and the Court agrees.

Petitioner did not raise this claim in either his direct appeal or PCR petitions.  *See* Answer (Doc. 15), Appellant's Opening Br. 7/12/2010 (Exh. "I"); Answer (Doc. 15), Exh. "L;" *see also* Discussion Section IV.2.A., *supra*.  As such, the claim is unexhausted and would now be precluded.  Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court").  Accordingly, Petitioner's claim is procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 2557 n. 1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").  Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless

- 35 -

the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims"); Discussion Section IV.2.A., *supra* (Petitioner cannot meet his burden regarding actual innocence to excuse procedural default). Therefore, Petitioner's Due Process claim alleging defense counsel "switched" sides cannot stand.

## V.     MOTION TO VACATE

In light of the foregoing, Petitioner's Motion to Vacate Conviction (Doc. 19) is DENIED.

## VI.    MOTION FOR STATUS UPDATE

To the extent Petitioner requests a copy of the docket sheet, Petitioner's motion (Doc. 22) will be granted. It will be denied as to any other request for relief.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VII.   CONCLUSION**

For the reasons delineated above, IT IS HEREBY ORDERED that:

1)   Petitioner's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1) is DENIED;

2)  A certificate of appealability is DENIED, because reasonable jurists would not find the Court's ruling debatable.  *See* 28 U.S.C. § 2253;

3)  Petitioner's Motion to Vacate Conviction (Doc. 19) is DENIED;

4)   Petitioner's Request for Copy of Docket and Status of Case (Doc. 22) is GRANTED in part and DENIED in part;

5)   The Clerk of the Court shall send a copy of the docket sheet in this case to Petitioner;

6)  This matter is DISMISSED with prejudice; and

7)  The Clerk of the Court shall enter judgment and close its file in this matter.

Dated this 25th day of August, 2016.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge

- 37 -